FEIST v. GRIVAS et al.

(Supreme Court, Appellate Term. May 7, 1909.)

LANDLORD AND TENANT (§ 186*)—RENT—LIABILITY.

Lessees, having had the use and occupation of the premises for a month, were liable for a month's rent, though it was agreed that, if they could not lawfully use the premises for a certain purpose, the deposit made by them on account of the rent should be returned, and the authorities prevented such use of the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 760; Dec. Dig. § 186.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Simon Feist against Constantin Grivas and another. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Julius J. Michael, for appellant.
William V. Zipser, for respondents.

PER CURIAM. On December 9, 1908, the parties entered into an agreement by which defendants were to hire a store on plaintiff's premises, and defendants paid plaintiff $50 and received the following receipt:

"New York, Dec. 9, 1908.

"Received from Constantin and James Grivas fifty dollars as deposit on store in house 689 Amsterdam avenue. Rent to be $1,200 per year, commencing Jan. 1st. Balance of first month's rent must be paid before moving in. Lease for three years. Deposit to be returned if it is against the law to have a moving picture show.          Simon Feist, Owner."

Thereafter, and on the following day—i. e., on the 10th day of December, 1908—a formal lease was made in writing between the parties of the said premises for three years at $1,200 per year, in which lease was a provision as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"And said parties of the second part [defendants] further covenant and agree to use said rented premises only for moving pictures business, in accordance with law."

The lease, however, omitted the provision in the receipt, above quoted, to the effect, practically, that the contract was to be void if the defendants were not allowed to have a moving picture show, although, as we have seen, it did provide that the premises were to be used only for a moving picture show. Defendants entered into possession under said lease, and put in a moving picture show. Thereafter, and on January 14, 1909, defendants received the following letter from the chief of the bureau of licenses:

"I hereby inform you that District Superintendent of Schools A. T. Schauffler strongly objects to the establishment of a moving picture show directly opposite public school No. 93. In view of the character of his objections, in my judgment, his objections should be sustained, and therefore I inform you that your application for a license for the premises at 689 Amsterdam avenue is denied."

Defendants paid the rent for the month of January, but moved out of the premises before February 1st, and definitely abandoned the premises, refusing to pay any more rent. Plaintiff here sues for the February rent. The defendants claim that it was particularly agreed between the parties that the premises were to be used only for moving pictures, and that, if defendants were not allowed so to do by the authorities, the lease was to become void; and defendants further claim that upon being so prevented from having a moving picture show they surrendered the premises to plaintiff and gave up the keys to him before February 1st. The defendants also claim that it was further agreed between the parties that, if defendants were not allowed to have such moving picture show, plaintiff was to return the $100 paid by defendants to plaintiff on said lease, which sum has been demanded and refused, and defendants counterclaim $100. The court gave judgment for defendants, dismissing the complaint, and allowing the counterclaim, with costs. Plaintiff appeals.

Inasmuch as the defendants had use and occupation of the premises for one month, plaintiff was clearly entitled to the $100 already paid. Whether or not it can be said that in view of the wording of the lease, with regard to the premises being used "only" for moving pictures, the contract can be held not to be so complete on its face as to prohibit oral evidence in explanation thereof, so as to render the testimony as to the agreement to cancel the lease in case of the refusal of the authorities to permit moving pictures admissible, not to vary, but to explain, the incomplete provisions of the contract, need not now be determined, as a new trial is necessary for the reason above stated. The same is true with regard to the question as to whether or not defendants established a surrender and acceptance, and as to the other issues in the case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.